IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| ERIC R. OLIVER,<br><br>     Plaintiff,<br><br>     vs.<br><br>DARRYLL D.M. WONG, in his official capacity as Adjutant General of the Hawaii National Guard; HAWAII NATIONAL GUARD; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 3-20; DOE CORPORATIONS 3-20; DOE GOVERNMENTAL UNITS 3-20; OTHER ENTITIES 3-20,<br><br>     Defendants. | Civ. No. 14-00584 HG-RLP |

**ORDER GRANTING DEFENDANTS DARRYLL D.M. WONG, IN HIS OFFICIAL CAPACITY AS ADJUTANT GENERAL OF THE HAWAII NATIONAL GUARD, AND THE HAWAII NATIONAL GUARD'S MOTION FOR SUMMARY JUDGMENT (ECF No. 18)**

Plaintiff Eric. R. Oliver was an enlisted member of the Hawaii Air National Guard who was also employed by the Hawaii Air National Guard as a military dual status technician. Plaintiff's dual status position required him to be enlisted in the National Guard. Before Plaintiff's enlistment contract expired, Plaintiff applied for reenlistment, but his application was denied. As a result, Plaintiff was terminated from his employment with the Hawaii Air National Guard in February 2012.

Plaintiff's Complaint alleges state law and constitutional

claims against Defendant Darryll D.M. Wong, in his official capacity as the Adjutant General of the Hawaii National Guard, and the Defendant Hawaii National Guard. Plaintiff asserts in his Complaint that his reenlistment application was denied in retaliation for Plaintiff engaging in whistleblowing and union activities.

Defendants filed a Motion to Dismiss, or in the alternative, a Motion for Summary Judgment as to each of Plaintiff's claims, asserting that they are barred by the intra-military immunity doctrine. Defendants also assert that Plaintiff failed to exhaust available intraservice remedies regarding the denial of his reenlistment and the termination of his employment.

Plaintiff asserts his claims are not barred by the intra-military immunity doctrine because the decision not to reenlist him and to terminate his employment did not involve consideration of military issues. Plaintiff argues that he exhausted his available intraservice administrative remedies.

The Court construes Defendants' Motion as a Motion for Summary Judgment. The Defendants' Motion for Summary Judgment (ECF No. 18) is **GRANTED**.

## **PROCEDURAL HISTORY**

On May 25, 2012, Plaintiff Eric R. Oliver filed a Complaint in the Circuit Court of the First Circuit, State of Hawaii. (ECF

No. 1-1).

On December 31, 2014, the Defendants Darryll D.M. Wong, in his official capacity as Adjutant General of the Hawaii National Guard, and the Hawaii National Guard, removed the state court action to the United States District Court, District of Hawaii. (ECF No. 1).

On November 4, 2015, Defendants filed DEFENDANTS DARRYLL D.M. WONG, IN HIS OFFICIAL CAPACITY AS ADJUTANT GENERAL OF THE HAWAII NATIONAL GUARD, AND THE HAWAII NATIONAL GUARD'S MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT.  (ECF No. 18).

On the same date, Defendants filed DARRYLL D.M. WONG, IN HIS OFFICIAL CAPACITY AS ADJUTANT GENERAL OF THE HAWAII NATIONAL GUARD AND HAWAII NATIONAL GUARD'S CONCISE STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT.  (ECF No. 19).

On November 6, 2015, the Court issued a briefing schedule. (ECF No. 20).

On November 20, 2015, Plaintiff submitted a letter requesting an extension of time to file his Opposition.  (ECF No. 23).

On the same date, the Court issued a Minute Order that provided Plaintiff an extension of time to file his Opposition and also provided Defendants an extension of time to file their

Reply.  (ECF No. 24).

On December 11, 2015, Plaintiff filed MEMORANDUM IN OPPOSITION TO DEFENDANT DARRYLL D.M. WONG, IN HIS OFFICIAL CAPACITY AS ADJUTANT GENERAL OF THE HAWAII NATIONAL GUARD AND THE HAWAII NATIONAL GUARD'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT.  (ECF No. 26).

Also on December 11, 2015, Plaintiff filed PLAINTIFF'S SEPARATE AND CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT.  (ECF No. 29).

On December 31, 2015, Defendants filed DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT DARRYLL D.M. WONG, IN HIS OFFICIAL CAPACITY AS ADJUTANT GENERAL OF THE HAWAII NATIONAL GUARD AND THE HAWAII NATIONAL GUARD'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT.  (ECF No. 30).

On the same date, Defendants filed DARRYLL D.M. WONG, IN HIS OFFICIAL CAPACITY AS ADJUTANT GENERAL OF THE HAWAII NATIONAL GUARD, AND HAWAII NATIONAL GUARD'S COUNTER CONCISE STATEMENT OF FACTS IN REPLY TO PLAINTIFF'S SEPARATE AND CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT.  (ECF No. 31).

On January 7, 2016, the Court held a hearing on Defendants' Motion for Summary Judgment.

## BACKGROUND

The Parties agree to the following facts:

On January 7, 1997, Plaintiff Eric R. Oliver enlisted with the Hawaii Air National Guard.  (Declaration of David A. Lopina, Staff Judge Advocate of the Hawaii National Guard ("Lopina Decl."), at ¶ 3, ECF No. 18-4; Declaration of Eric R. Oliver ("Oliver Decl.") at ¶ 5, ECF No. 26-1).

Plaintiff served in a military capacity with the Hawaii Air National Guard as a Staff Sergeant and he was employed by the Hawaii Air National Guard as a military dual status fuel systems technician.  (Lopina Decl. at ¶¶ 4, 8-10, ECF No. 18-4; Oliver Decl. at ¶ 7, ECF No. 26-1).

Plaintiff's "military technician (dual status)" position required him to be enlisted in the Hawaii Air National Guard in order to remain employed in the dual status position pursuant to 32 U.S.C. § 709(b)(1).  (Lopina Decl. at ¶ 11, ECF No. 18-4; Oliver Decl. at ¶ 10, ECF No. 26-1; Deposition of Eric R. Oliver ("Oliver Depo.") at p. 31, attached as Ex. 9 to Def.'s Motion, ECF No. 18-14).

Plaintiff was a union steward for the American Federation of Government Employees from 2009 to 2011 while he was employed in his dual status position.  (Oliver Decl. at ¶¶ 17-20, ECF No. 26-1).  Plaintiff, in his capacity as a union steward and as an

individual employee of the Hawaii National Guard, made complaints, filed grievances, and submitted unfair labor practice complaints about his supervisor Daniel Lopez. (Id. at ¶ 20).

Enlisted personnel in the Hawaii Air National Guard sign an enlistment contract for a fixed term of service. (Lopina Decl. at ¶ 5, ECF No. 18-4). In 2011, Plaintiff sought reenlistment with the Hawaii Air National Guard as his enlistment contract was set to expire on January 6, 2012. (Lopina Decl. at ¶¶ 5, 7, ECF No. 18-4; Oliver Decl. at ¶ 8, ECF No. 26-1; Oliver Depo. at p. 31, ECF No. 18-14).

Plaintiff's application for reenlistment was denied by his commander, Captain Paul Maedo, and approved by Defendant Darryll D.M. Wong, Adjutant General of the Hawaii National Guard. (Lopina Decl. at ¶¶ 5-6, 15-16, ECF No. 18-4; Oliver Decl. at ¶ 8, ECF No. 26-1; Oliver Depo. at p. 32, ECF No. 18-14).

On January 6, 2012, Plaintiff received an honorable discharge of service from the Hawaii Air National Guard. (Lopina Decl. at ¶ 7, ECF No. 18-4; Oliver Decl. at ¶ 6, ECF No. 26-1; Order from the Dept. of the Air Force, dated Apr. 16, 2012, stating Plaintiff was "honorably discharged from the [Hawaii Air National Guard] effective 6 Jan 2012," attached as Ex. 10 to Pla.'s Reply, ECF No. 30-2).

On January 20, 2012, Plaintiff was informed that he would be separated from his military dual status technician position as a

result of his loss of military membership. (Lopina Decl. at ¶ 12, ECF No. 18-4; Notice of Separation to Staff Sergeant Eric R. Oliver from State of Hawaii Department of Defense, dated Jan. 20, 2012, attached as Ex. 20 to Pla.'s Opp., ECF No. 26-22).

Plaintiff was terminated from his employment with the Hawaii Air National Guard on February 21, 2012. (Notification of Personnel Action for Eric R. Oliver, Termination Effective Date 2-21-12, attached as Ex. 19 to Pla.'s Opp., ECF No. 26-21).

Plaintiff did not pursue administrative remedies pursuant to either the Federal Tort Claims Act, the National Guard Military Complaint System, the Air Force Board for Correction of Military Records, or the Hawaii Code of Military Justice. (Lopina Decl. at ¶¶ 17-21, ECF No. 18-4).

Plaintiff claims that he "did pursue administrative relief through the Union grievance procedure and appropriate agency review." (Pla.'s Concise Statement of Facts at p., 3, ECF No. 29). Plaintiff claims that he was not informed of the available administrative process to challenge the decision denying his application for reenlistment. (Oliver Decl. at ¶¶ 128, 132, ECF No. 26-1).

The evidence shows Plaintiff was timely informed by letter about the process to seek relief from the Air Force Board for Correction of Military Records. (Letter from the Inspector General, Department of Defense, dated Feb. 6, 2012, informing

Plaintiff that he may request review by the Air Force Board for Correction of Military Records, attached as Ex. 14 to Pla.'s Opp., ECF No. 26-16).

## STANDARD OF REVIEW

Defendants' Motion is titled a "Motion to Dismiss Complaint or, in the Alternative, Motion for Summary Judgment." (ECF No. 18).  The Court considers Defendants' Motion as a Motion for Summary Judgment as there are no genuine issues of material fact presented in the filings.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  To defeat summary judgment there must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1997).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The moving party, however, has no burden to negate or disprove matters on which the opponent will

have the burden of proof at trial.  The moving party need not produce any evidence at all on matters for which it does not have the burden of proof.  Celotex, 477 U.S. at 325.  The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law.  That burden is met by pointing out to the district court that there is an absence of evidence to support the non-moving party's case.  Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979).  The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Nidds, 113 F.3d at 916 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the non-moving party.  State Farm Fire & Casualty Co. v. Martin, 872 F.2d 319, 320 (9th Cir. 1989).  Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed.  Fed. R. Civ. P. 56(c); Celotex,

477 U.S. at 324.  The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial. Fed. R. Civ. P. 56(e); T.W. Elec. Serv., 809 F.2d at 630.  The opposing party cannot rest on mere allegations or denials.  Fed. R. Civ. P. 56(e); Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir. 1994).  When the non-moving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact.  Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993); see also National Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997).

## ANALYSIS

### I.   The Feres Doctrine

The holding from Feres v. United States, 340 U.S. 135, 146 (1950) has become known as the Feres doctrine.  In Feres, the United States Supreme Court held that members of the armed services cannot sue the Government for injuries pursuant to the Federal Tort Claims Act that "arise out of or are in the course of activity incident to service."  Feres, 340 U.S. at 146; Bowen v. Oistead, 125 F.3d 800, 803 (9th Cir. 1997).

Courts have interpreted the Feres doctrine broadly and have gone as far as saying "practically any suit that implicates the

military judgments and decisions ... runs the risk of colliding
with <u>Feres</u>." <u>Bowen</u>, 125 F.3d at 803 (internal citation marks
omitted) (quoting <u>Persons v. United States</u>, 925 F.2d 292, 295
(9th Cir. 1991)).

"Federal courts restrict their review of military decision-
making not because they lack jurisdictional power to hear
military disputes, but out of deference to the special function
of the military in our constitutional structure and in the system
of national defense.  Military disputes thus raise questions of
justiciability rather than jurisdiction." <u>Sebra v. Neville</u>, 801
F.2d 1135, 1141 (9th Cir. 1986).

Courts avoid review of military decisions because of the
many differences between military and civilian life, finding that
the military is a specialized community that is governed by
unique demands and discipline.  <u>Chappell v. Wallace</u>, 462 U.S.
296, 300 (1983).  The United States Supreme Court has warned that
the judiciary should not interfere with legitimate military
matters.  <u>Id.</u>

### A.   The <u>Feres</u> Doctrine Applies to Suits Against The Hawaii National Guard and Its Commanding Officer

Suits that implicate military judgments and decisions run
the risk of colliding with the <u>Feres</u> doctrine of intra-military
immunity.  <u>Bowen v. Oistead</u>, 125 F.3d 800, 803 (9th Cir. 1997).

In <u>Bowen</u>, the plaintiff's status as a member of the National

Guard triggered application of the _Feres_ doctrine of intra-military immunity.  _Id._  The _Feres_ doctrine barred the plaintiff's tort and constitutional claims against federal and state military officials that arose from the involuntary termination of plaintiff's tour of duty in the Active Guard/Reserve Program.  _Id._

The Ninth Circuit Court of Appeals in _Bowen_ found that the plaintiff's claims were barred pursuant to the _Feres_ doctrine even though he was serving as a member of the Alaska Air National Guard under direct authority of state officers, and he was not on active duty with the United States Air Force Reserve.  _Id._  The appeals court held that members of a state's National Guard are service members for purposes of the _Feres_ doctrine and they are barred from bringing suits for injuries that arise out of activity incident to their military service.  _Id.; see Jackson v. United States_, 110 F.3d 1484, 1486 (9th Cir. 1997).

The instant action involves a suit against both the Hawaii Air National Guard and its Adjutant General, Darryll D.M. Wong, rather than a federal armed forces branch.  The _Feres_ doctrine is equally applicable to the Hawaii Air National Guard and its Adjutant General.  _Crout v. Washington_, 149 Fed. Appx. 601, 603 (9th Cir. 2005).

The decisions of the Ninth Circuit Court of Appeals have made clear that the _Feres_ doctrine applies to state National

Guards as well as with suits against National Guard officers by fellow guardsmen.  <u>Bowen</u>, 125 F.3d at 804 n.2, 805; <u>Stauber v. Cline</u>, 837 F.2d 395, 399 (9th Cir. 1988).

## B.   The <u>Feres</u> Doctrine Applies to Employment Decisions Regarding Dual Status Technicians

The <u>Feres</u> doctrine does not bar every suit brought by a member of the military against the armed services.  The Ninth Circuit Court of Appeals has held that the <u>Feres</u> doctrine applies for claims that are "incident to service".  <u>McConnell v. United States</u>, 478 F.3d 1092, 1095 (9th Cir. 2007).

The <u>Feres</u> doctrine has been held to apply to cases in which courts have been asked to examine personnel decisions of armed force members.  <u>Bowen</u>, 125 F.3d at 804.  The Ninth Circuit Court of Appeals has explained, however, that personnel actions are not always integrally related to the military's unique structure. <u>Mier v. Owens</u>, 57 F.3d 747, 750 (9th Cir. 1995).

## 1.   Plaintiff Was a Dual Status Technician Which Required Membership in the National Guard

The critical issue in evaluating if Plaintiff's claims are non-justiciable pursuant to the <u>Feres</u> doctrine is whether Plaintiff was required, as a condition of his employment, to be a member of the National Guard.

Pursuant to the National Guard Technicians Act, 32 U.S.C. §

13

709, persons may be employed as a civil service National Guard technician.  There are two types of civil service technicians authorized by the Act.  The first is the military dual status technician which requires the person to be a member of the National Guard and hold the military grade specified by the Secretary concerned for that position.  32 U.S.C. § 709(b); 10 U.S.C. § 10216.  The second is the non-dual status technician, which is not a military position as it does not require membership in the National Guard or a corresponding military grade.  32 U.S.C. § 709(c); 10 U.S.C. § 10217.

It is undisputed that Plaintiff was a military dual status technician pursuant to 32 U.S.C. § 709(b), 10 U.S.C. § 10216, which required his membership in the armed forces.

Plaintiff's separation from the Hawaii Air National Guard required that he be terminated from his position as a military dual status technician.  The National Guard Technicians Act provides that a person employed as a dual status technician who "is separated from the National Guard or ceases to hold the military grade specified by the Secretary concerned for that position shall be promptly separated from military technician (dual status) employment by the adjutant general of the jurisdiction concerned."  32 U.S.C. § 709(f)(1)(A).

In November 2011, the decision to deny Plaintiff's application for reenlistment was made pursuant to Air National

14

Guard Instruction 36-2002, <u>Enlistment and Reenlistment in the Air</u> <u>National Guard and as a Reserve of the Air Force</u>. (Lopina Decl. at ¶¶ 11-12, ECF No. 18-4; Air National Guard Instruction 36-2002, dated March 1, 2004, Incorporating Change 4 from September 20, 2011, attached as Ex. 4 to Def.'s Motion, ECF No. 18-9).

Air National Guard Instruction 36-2002, provides:

When an individual desires to continue in his/her [Air National Guard] status without a break in service, they may request to reenlist or extend their current enlistment.  This request will be initiated by the member to their commander.  No individual will be reenlisted or extended without the concurrence of the commander.  A commander may approve or deny reenlistment or extension to any member of their command.  Continued retention in the [Air National Guard] is a command prerogative and is not an inherent right of any individual.

(Air National Guard Instruction 36-2002 dated March 1, 2004, at p. 55, Chapter 4.1, attached as Ex. 4 to Def.'s Motion, ECF No. 18-9).

Plaintiff's commander, Captain Maedo, made the decision not to approve Plaintiff's application for reenlistment. (Lopina Decl. at ¶¶ 5-6, ECF No. 18-4).  On January 6, 2012, Plaintiff separated from the Hawaii Air National Guard and was given an honorable discharge.  (<u>Id.</u> at ¶ 7).

As Adjutant General for the Hawaii Air National Guard, Defendant Wong was required by federal statute to terminate Plaintiff's employment as a dual status technician after Plaintiff ceased to be enlisted in the Hawaii Air National Guard.

15

32 U.S.C. § 709(f)(1)(A).

On January 20, 2012, Plaintiff was given a notice that informed him that his employment as a dual status technician would be terminated on February 21, 2012, as a result of Plaintiff's separation from the military.  (Lopina Decl. at ¶ 12, ECF No. 18-4; Notice of Separation to Staff Sergeant Eric R. Oliver from State of Hawaii Department of Defense, dated Jan. 20, 2012, attached as Ex. 20 to Pla.'s Opp., ECF No. 26-22).

Plaintiff was terminated from his employment with the Hawaii Air National Guard on February 21, 2012.  (Notification of Personnel Action for Eric R. Oliver, Termination Effective Date 2-21-12, attached as Ex. 19 to Pla.'s Opp., ECF No. 26-21). Plaintiff's notification of his termination specifies the reason for his termination: "Loss of military membership because of administrative revocation of membership in the appropriate branch of service required for this position."  (Id.)

## 2. The <u>Feres</u> Doctrine Bars Judicial Review of Employment Decisions Relating to Dual Status Technicians

Plaintiff seeks judicial review of the decisions by the Hawaii Air National Guard and the Adjutant General that led to the denial of Plaintiff's application for reenlistment and his termination as a dual status technician.

In <u>Mier v. Owens</u>, 57 F.3d 747, 750 (9th Cir. 1995), the

16

Ninth Circuit Court of Appeals applied the Feres doctrine to find that a dual status technician in the Army National Guard was barred from challenging decisions related to his employment.  The appellate court found that decisions regarding the dual status technician's alleged lack of promotion, suspension, and retaliation were all integrally related to the military's structure and could not be reviewed by the court.  Id. at 751.

The Ninth Circuit Court of Appeals revisited the issue regarding the application of the Feres doctrine to employment decisions of dual status technicians in Zuress v. Donley, 606 F.3d 1249, 1253 (9th Cir. 2010).  In Zuress, the appeals court reviewed the 1997 Amendments to the definition of dual status technician in the National Guard Technicians Act.  Id.  The appellate court found that the 1997 Amendments did not effect any substantive change to the definition of dual status technician.  Id. at 1254.  The Ninth Circuit Court of Appeals agreed with the Fifth Circuit Court of Appeals and held that dual status technicians cannot seek judicial review of decisions regarding the management, discipline, supervision, control, and other personnel actions regarding their positions because such decisions are integrally related to the military's unique structure.  Id. at 1253-55 (citing Bowen, 125 F.3d at 803).

Other Circuit Courts of Appeals have similarly found that dual status technicians' complaints relating to decisions made

about their employment are barred by the <u>Feres</u> doctrine because their dual status positions are "irreducibly military in nature." <u>Bowers v. Wynne</u>, 615 F.3d 455, 461-466 (6th Cir. 2010); <u>Filer v. Donley</u>, 690 F.3d 643, 648-690 (5th Cir. 2012).

**C.    Plaintiff's Claims Are Barred by the <u>Feres</u> Doctrine**

Plaintiff's Complaint contains the following counts:

**Count I** for declaratory relief;

**Count II** for a violation of Haw. Rev. Stat. § 378;

**Count III** for a violation of due process pursuant to both the Hawaii State Constitution and the United States Constitution;

**Count IV** for a violation of the First Amendment pursuant to both the Hawaii State Constitution and the United States Constitution;

**Count V** for a violation of Haw. Rev. Stat. § 662;

**Count VI** for malicious discharge;

**Count VII** for negligent discharge;

**Count VIII** for intentional infliction of emotional distress;

**Count IX** for negligent infliction of emotional distress;

**Count X** for violation of public policy exception to the employment "at will" rule regarding wrongful discharge;

**Count XI** for violation of covenant of good faith and fair dealing in employment; and

18

**Count XII** for punitive damages.[1]

(Complaint at pp. 4-9, ECF No. 1-1).

Each of the twelve counts in Plaintiff's Complaint is subject to the Feres doctrine.  The Feres doctrine bars judicial review of tort claims, state statutory and common law claims, and constitutional claims that would require a civilian court to examine decisions regarding management, discipline, supervision, and control of members of the armed forces.  See Bowen, 125 F.3d at 803-04; Zuress, 606 F.3d at 1253.

The Plaintiff argues that judicial review of the denial of his application for reenlistment and his termination are not barred by the Feres doctrine, because they were not "incident to military service."  Plaintiff relies on the Ninth Circuit Court of Appeals' decision in Jackson v. Tate, 648 F.3d 729, 733 (9th Cir. 2011).

In Jackson, the Ninth Circuit Court of Appeals found that a discharged serviceman was not barred from suing National Guard recruiters who forged his signature on re-enlistment papers, after the plaintiff had already been discharged from the National Guard.  Id. at 734-735.  The appellate court found that the Feres doctrine did not apply because "[t]he acts complained of occurred after [the plaintiff's] service had been completed, unrelated to

_____

[1] Count I for declaratory relief and Count XII for punitive damages are request for relief and not separate causes of action.

any benefit or duty connected to a service obligation he has already incurred...Jackson was engaged in civilian employment, not subject to military supervision, command, or discipline." Id. at 734.

Here, unlike the plaintiff in Jackson, Plaintiff Oliver was in a military dual status position at the time of the denial of his reenlistment.  Plaintiff's termination was statutorily required as a result of the loss of his military status. Plaintiff Oliver was subject to military supervision, command, and discipline, and he was not in a purely civilian position. The facts in Jackson are inapposite to the facts in the instant case.  The holding in Jackson does not apply to the decisions of a military commander in exercising his discretion not to offer a military member the opportunity to reenlist.

The Ninth Circuit Court of Appeals' holdings in Mier, 57 F.3d at 750, and Zuress, 606 F.3d at 1253, control.  As in Mier and Zuress, Plaintiff's claims are based on complaints about personnel decisions made by the National Guard regarding an employee in a dual status position.  Each of Plaintiff's causes of action seek review of the Hawaii Air National Guard and its Adjutant General's personnel decisions to deny Plaintiff's application to reenlist and to terminate him from his dual status position.  As explained by the Ninth Circuit Court of Appeals in Mier and Zuress, Plaintiff's claims are barred because personnel

20

decisions regarding a dual status position are inherently
military in character due to the unique nature of a dual status
position that requires the employee to hold membership in the
military.

## II.  **<u>Mindes</u> Test**

### A.  **The <u>Mindes</u> Test Bars Review of Counts III and IV in Plaintiff's Complaint**

Counts III and IV in Plaintiff's Complaint assert violations
of the United States Constitution and the Hawaii State
Constitution.

**Count III** asserts Plaintiff "held a property interest in his
employment [with the Hawaii National Guard] which is protected by
the Due Process clauses of the State and Federal Constitutions.
Defendants' actions and decision toward non-reenlistment and
termination of Plaintiff Oliver's employment with no explanation
and no rights to appeal the decision is a violation of the due
process clauses under the Hawaii and Federal Constitution."
(Complaint at ¶¶ 31-32, ECF No. 1-1).

**Count IV** alleges that "Plaintiff Oliver, in exercise of his
First Amendment Rights, under the State of Hawaii and U.S.
Constitutions, objected to the lack of qualifications of his
supervisors in the work place," and was subsequently denied
reenlistment and terminated.  (Complaint at ¶ 34-35, ECF No. 1-

1).  Plaintiff contends that "Defendants' actions violated
Plaintiff Oliver's First Amendment Rights under the State of
Hawaii and United States Constitutions."  (Id. at ¶ 36, ECF No.
1-1).

The Mindes test is set forth in Mindes v. Seaman, 453 F.2d
197, 201-02 (5th Cir. 1971), and it was adopted by the Ninth
Circuit Court of Appeals in Wallace v. Chappell, 661 F.2d 729,
732-33 (9th Cir. 1981), rev'd on other grounds, 462 U.S. 296
(1983).

The Mindes test is applied to determine if judicial review
of internal military decisions is barred when the plaintiff's
claim is based on a violation of either (1) the United States
Constitution, (2) a federal statute, or (3) a military
regulation.  Gonzalez v. Dep't of Army, 718 F.2d 926, 929 (9th
Cir. 1983) (citing Wallace, 661 F.2d at 732; Mindes, 453 F.2d at
201); see Johnson v. United States Air Force, 2010 WL 1780231, *9
(E.D. Cal. Apr. 30, 2010).

Plaintiff Oliver's Complaint does not allege a violation of
either a federal statute or a military regulation.

Counts III and IV in Plaintiff's Complaint assert violations
of both the United States Constitution and the Hawaii State
Constitution.  The Mindes test does not apply to state
constitutional claims.  See Wallace, 661 F.2d at 732 (finding
that the Mindes test applies to claims asserting a violation of

22

the United States Constitution).

The only claims in Plaintiff's Complaint that are subject to the <u>Mindes</u> test are Plaintiff's claims alleging violations of the United States Constitution in Counts III and IV.  <u>Wenger v. Monroe</u>, 282 F.3d 1068, 1072 (9th Cir. 2002).

The Ninth Circuit Court of Appeals has found that application of the <u>Mindes</u> test is appropriate to review the justiciability of alleged violations of the United States Constitution in a dispute involving a National Guard technician. <u>Sebra v. Neville</u>, 801 F.2d 1135, 1141 (9th Cir. 1986).

Here, the Court applies the <u>Mindes</u> test to Plaintiff's federal constitutional claims stated in Counts III and IV.

**B.    The <u>Mindes</u> Test Requires Exhaustion of Available Intraservice Administrative Remedies**

The <u>Mindes</u> test requires two separate lines of inquiry. <u>Gonzalez v. Dep't of Army</u>, 718 F.2d 926, 929 (9th Cir. 1983).

The first line of inquiry consists of two prerequisites. The Court must first determine if the plaintiff has established:

> **1.    Exhaustion of the Available Intraservice Administrative Remedies; and,**
>
> **2.    A Violation of the United States Constitution, a Federal Statute, or a Military Regulation.**

<u>Id.</u>

If the first two prerequisites have been met, the second

23

line of inquiry requires the court to weigh four factors to
determine if judicial review is appropriate, including
(1) the nature and strength of the plaintiff's claim;
(2) the potential injury to the plaintiff if review is refused;
(3) the extent of interference with military functions; and,
(4) the extent to which military discretion or expertise is
involved.  Wilkins v. United States, 279 F.3d 782, 788 n.3 (9th
Cir. 2002).

     The Court need not reach the second line of inquiry in the
instant action, because Plaintiff has not established that he
exhausted the available intraservice administrative remedies as
required by the Mindes test.

### 1.   Exhaustion of Available Intraservice Administrative Remedies

     The Mindes test requires that the plaintiff exhaust
available intraservice administrative remedies.  Wenger, 282 F.3d
at 1072.  Plaintiff failed to exhaust his intraservice
administrative remedies.  Lawrence v. Hawaii Air National Guard,
126 Fed. Appx. 835, 837 (9th Cir. 2005).  Plaintiff did not
pursue any of the administrative remedies that were available to
challenge the denial of his reenlistment application and his
termination.

     Plaintiff states in his Declaration that he pursued
administrative remedies by filing grievances with his Union,

24

sending a letter to a state senator, and meeting with Adjutant General Wong in November 2011.[2] (Oliver Decl. at ¶¶ 48, 58, 68, 96, ECF No. 26-1).

All of the actions taken by the Plaintiff occurred in 2011 before he was terminated from the Hawaii Air National Guard in February 2012. The actions taken by the Plaintiff in 2011 were not an attempt to pursue administrative remedies to challenge the denial of his reenlistment application and termination of employment. Rather, the grievances filed by the Plaintiff were about Plaintiff's supervisor, Daniel Lopez, and concerned Plaintiff's opinion that Lopez was not qualified to supervise Plaintiff and other technicians. The grievances were not an objection to the decisions to deny Plaintiff's reenlistment and to terminate his employment in 2012.

Plaintiff states in his Declaration that he was never informed of the process by which he could challenge the decision not to allow him to reenlist. (Oliver Decl. at ¶¶ 128, 132, ECF No. 26-1). Contrary to Plaintiff's statement, Plaintiff was

---

[2] Prior to the denial of Plaintiff's reenlistment application and his termination, the Plaintiff engaged in the following actions: Union Grievance filed by Plaintiff Oliver against Daniel Lopez, attached as Ex. 4 to Pla.'s Opp., ECF No. 26-6; Union Grievance filed by Plaintiff against Daniel Lopez dated August 24, 2011, attached as Ex. 7, ECF No. 26-9; Union Charge filed with the Federal Labor Relations Authority regarding Lopez, dated August 18, 2011, attached as Ex. 8, ECF No. 26-10; Letter to Senator Pohai Ryan, dated September 20, 2011, attached as Ex. 10, ECF No. 26-12).

informed that he had the right to request review by the Air Force Board of Correction of Military Records by letter dated February 6, 2012. (Letter to Plaintiff from the Inspector General, Department of Defense, dated Feb. 6, 2012, stating that "Under 10 U.S.C. 1034, you may request a review of the matter by the Air Force Board for Correction of Military Records (AFBCMR) should you wish further consideration," attached as Ex. 14 to Pla.'s Opp., ECF No. 26-16). The letter contained the name, telephone number and e-mail address of a person who Plaintiff could contact if he had any questions about the application process and the procedures to follow before the Air Force Board for Correction of Military Records. (Id.)

Plaintiff has presented no evidence that he exhausted his available intraservice administrative remedies. Plaintiff's self-serving and broad statement that he "did pursue administrative relief through the Union grievance procedure and appropriate agency review" in his Concise Statement of Facts does not create a genuine issue of material fact as to his failure to exhaust the available intraservice remedies. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (finding that a party's uncorroborated allegations and "self-serving testimony" do not create a genuine issue of material fact).

Plaintiff could have sought administrative review pursuant to the Federal Tort Claims Act, the National Guard Military

Discrimination Complaint System, the Air Force Board of
Correction of Military Records, or through the Hawaii Code of
Military Justice, but he failed to pursue any avenue of appeal.

### a.   Federal Tort Claims Act

Pursuant to the Federal Tort Claims Act, a claimant seeking
money damages from the United States is required to first submit
his claim to the appropriate federal agency before suing the
United States for money damages for injury, personal injury, or
loss of property caused by a negligent or wrongful act of an
employee of the federal government acting in the scope of his
employment.  Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675.

A plaintiff's administrative remedy is exhausted pursuant to
the FTCA if:

(1)  the agency has denied the claim in writing; or,

(2)  the agency has failed to issue a final disposition of

     the claim six months after it was filed.

28 U.S.C. § 2675(a)[3]; <u>Jerves v. United States</u>, 966 F.2d 517, 519

---

[3] The FTCA in 28 U.S.C. § 2675(a) provides:

An action shall not be instituted upon a claim against
the United States for money damages for injury ...
caused by the negligent or wrongful act or omission of
any employee of the Government while acting within the
scope of his office or employment, unless the claimant
shall have first presented the claim to the appropriate
Federal agency and his claim shall have been finally
denied by the agency in writing and sent by certified
or registered mail.  The failure of an agency to make

27

(9th Cir. 1992).

If no such claim is presented to the appropriate federal agency within two years after the claim accrues, a tort claim shall be forever barred.  28 U.S.C. § 2401(b).

The Ninth Circuit Court of Appeals has made clear that the FTCA exhaustion requirement is jurisdictional and must be adhered to strictly.  <u>Vacek v. U.S. Postal Serv.</u>, 447 F.3d 1248, 1250 (9th Cir. 2006).

In the case before this Court, Plaintiff Oliver sued the Hawaii National Guard, which is part of the National Guard, a federal agency, along with Adjutant General Wong, in his official capacity, who is a federal officer.  <u>Gilliam v. Miller</u>, 973 F.2d 760, 762 (9th Cir. 1992) (finding the National Guard is a federal agency and personnel decisions over federal technicians are in the capacity of a federal agency); <u>Christoffersen v. Washington State Air Nat'l Guard</u>, 855 F.2d 1437, 1443-45 (9th Cir. 1988).

Plaintiff seeks money damages in his Complaint.  (Complaint at pp. 9-10, ECF No. 1-1).  Defendant has submitted evidence that Plaintiff did not submit his claim to an appropriate federal agency before he filed suit.  (Lopina Decl. at ¶¶ 17, 21, ECF No.

---

final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section ....

28 U.S.C. § 2675(a).

18-4).

Plaintiff has not provided any evidence that he filed a claim for monetary damages against the Defendants Hawaii Air National Guard or Adjutant General Wong with any federal agency.

### b. The National Guard Military Discrimination Complaint System

Plaintiff did not challenge the decisions not to allow him to reenlist and to terminate his employment by using the National Guard Military Discrimination Complaint System, NGR 600-22.

The purpose of NGR 600-22 is to resolve and settle allegations and complaints of discrimination in the National Guard. (Regulations for the Military Discrimination Complaint System for the Air National Guard, NGR 600-22, at p. 4, attached as Ex. 6 to Def.'s Motion, ECF No. 18-11). Any aggrieved individual who believes that he has been discriminated against for having engaged in a protected activity, as alleged by Plaintiff in his Complaint, may filed a complaint pursuant to the National Guard Military Discrimination Complaint System. (Id. at p. 5).

Plaintiff has provided no evidence that he filed a complaint pursuant to the National Guard Military Discrimination Complaint Systems or exhausted his administrative remedies pursuant to NGR 600-22. (Lopina Decl. at ¶¶ 19, 21, ECF No. 18-4).

29

### c.   The Air Force Board for Correction of Military Records

The Air Force Board for Correction of Military Records, pursuant to 10 U.S.C. § 1552, has the power to reinstate a claimant to active federal reserve status, restore his pay, and order back pay.  Christofferson, 855 F.2d at 1444.

Plaintiff contends in his Complaint filed in this Court that the Hawaii Air National Guard's decision not to reenlist him was retaliatory in nature.  Plaintiff did not pursue relief with the Air Force Board for Correction of Military Records.

The Air Force Board for Correction of Military Records can recommend correction of military records to remove an error or injustice in a Air Force member's military record.  (Air Force Instruction 36-2603, dated March 1, 1996, setting forth the procedures for correction of military records, attached as Ex. 7 to Def.'s Motion, ECF No. 18-12).

Plaintiff provided no evidence that he filed a claim before the Air Force Board for Correction of Military Records. Plaintiff has not demonstrated that he exhausted any of the available administrative remedies.  (Lopina Decl. at ¶ 18, ECF No. 18-4).

### d.   The Hawaii Code of Military Justice

The Hawaii Code of Military Justice, set forth in Haw. Rev.

Stat. § 124A-164, provides:

> Any member of the state military forces who believes
> the member's self wronged by the member's commanding
> officer, and who, upon due application to that
> commanding officer, is refused redress, may complain to
> any superior commissioned officer, who shall forward
> the complaint to the governor or adjutant general.

Haw. Rev. Stat. § 124A-164.

Plaintiff states that he filed Union grievances and met with
Adjutant General Wong in November 2011.  (Oliver Decl. at ¶¶ 48,
58, 68, 96, ECF No. 26-1).  These events were not an attempt to
review the denial of Plaintiff's reenlistment application and
termination pursuant to the Hawaii Code of Military Justice.
Plaintiff filed grievances and met with Adjutant General Wong in
November 2011 before the denial of Plaintiff's reenlistment
application and his termination in February 2012.

Plaintiff has provided no evidence that he filed for any
administrative relief pursuant to Haw. Rev. Stat. § 124A-164
after his application for reenlistment was denied and he was
terminated from employment.  (Lopina Decl. at ¶ 20, ECF No. 18-
4).

Plaintiff's failure to exhaust his available intraservice
administrative remedies precludes judicial review of his claims.
See Wenger, 282 F.3d at 1072; Lawrence, 126 Fed. Appx. at 837.

## 2.   Plaintiff's United States Constitutional Claims

While it is not necessary to reach the federal

31

constitutional claims because Plaintiff did not exhause his administrative remedies, the Court finds they would not be successful even if exhaustion had occurred.

### a.  Count III: Due Process Claim

Count III asserts Plaintiff "held a property interest in his employment [with the Hawaii National Guard]." (Complaint at ¶ 31, ECF No. 1-1).

Plaintiff did not have a recognized property interest in continued employment with the Hawaii Air National Guard pursuant to the due process clause of the United States Constitution.  The United States Supreme Court has found that denying a military technician's reenlistment pursuant to 32 U.S.C. § 709(e)(3) does not provide a foundation for a constitutional due process claim. Tennessee v. Dunlap, 426 U.S. 312, 316 (1976).

The Ninth Circuit Court of Appeals has held that dual status technicians have "no constitutionally protected property interest in continued employment" with a state's National Guard. Christoffersen v. Washington State Air Nat'l Guard, 855 F.2d 1437, 1443 (9th Cir. 1988); see Sebra v. Neville, 801 F.2d 1135, 1141 (9th Cir. 1986) (finding that the plaintiff did not have a property interest to establish a recognized constitutional claim to support reviewability under the Mindes test).

Plaintiff asserts that in January 2012 the Hawaii Air

National Guard should have applied Air National Guard Instruction 36-2002, an Instruction the Air National Guard did not adopt until October 1, 2012. (Air National Guard Instruction 36-2002, dated October 1, 2012, attached as Ex. 17 to Pla.'s Opp., ECF No. 26-19). The October 1, 2012 Instruction 36-2002 provides for a new appeal process for the denial of reenlistment applications which would result in a written explanation as to the reason for denying reenlistment. (Id. at p. 67, Chapter 4.7, ECF No. 26-19).

The October 1, 2012 Instruction was not in effect when Plaintiff's reenlistment application was denied in January 2012 and cannot serve as a basis for a due process violation.

Defendants complied with the Air National Guard Instruction 36-2002, dated March 1, 2004, which was in effect and applicable to Plaintiff in January 2012. The March 2004 Instruction provided that "[c]ontinued retention in the [Air National Guard] is a command prerogative and is not an inherent right of any individual." (Air National Guard Instruction 36-2002, dated March 1, 2004, at p. 55, Chapter 4.1, attached as Ex. 4 to Def.'s Motion, ECF No. 18-9). Plaintiff has not demonstrated a due process violation.

### b.   Count IV: First Amendment Claim

Count IV alleges that Plaintiff Oliver "objected to the lack

of qualifications of his supervisors in the work place," and was subsequently denied reenlistment and terminated in violation of the First Amendment of the United States Constitution. (Complaint at ¶ 34-36, ECF No. 1-1).

The Ninth Circuit Court of Appeals has found that a dual status employee's challenges to his non-retention and termination based on alleged whistleblowing and protected speech were not reviewable pursuant to the Mindes test. Christoffersen, 855 F.2d at 1443. The appellate court found that the plaintiff's claims relating to the First Amendment were insufficient to support review. Id. The Ninth Circuit Court of Appeals explained that "whatever First Amendment interests are implicated by this exercise are outweighed by Washington State's strong interest in promoting the efficiency of the military services it provides through the Washington Guard. The ability of the Washington Guard to make even routines personnel decisions would be severely impaired if we were to hold otherwise." Id.

The Court is unable to review the federal constitutional claims contained in Counts III and IV of Plaintiff's Complaint pursuant to the Mindes test. Plaintiff did not exhaust his available intraservice administrative remedies.

If the Court had been able to reach the Plaintiff's federal constitutional claims, Plaintiff still would not have prevailed. There is no due process violation. The First Amendment interest

does not outweigh the military necessity of the Hawaii Air National Guard.

Defendant's Motion for Summary Judgment (ECF No. 18) is **GRANTED.**

<u>CONCLUSION</u>

Defendants Darryll D.M. Wong, in his Official Capacity as Adjutant General of the Hawaii National Guard, and the Hawaii National Guard's Motion for Summary Judgment (ECF No. 18) is **GRANTED.**

There are no remaining claims or parties herein.

The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendants and to close the case.

IT IS SO ORDERED.

DATED: January 28, 2016, Honolulu, Hawaii.



    /s/ Helen Gillmor

Helen Gillmor
United States District Judge

<u>Eric R. Oliver vs. Darryll D.M. Wong, in his official capacity as Adjutant General of the Hawaii National Guard; Hawaii National Guard; John Does 1-10; Jane Does 1-10; Doe Partnerships 3-20; Doe Corporations 3-20; Doe Governmental Units 3-20; Other Entities 3-20</u>; Civ. No. 14-00584 HG-RLP; **ORDER GRANTING DEFENDANTS DARRYLL D.M. WONG, IN HIS OFFICIAL CAPACITY AS ADJUTANT GENERAL OF THE HAWAII NATIONAL GUARD, AND THE HAWAII NATIONAL GUARD'S MOTION FOR SUMMARY JUDGMENT (ECF No. 18)**